TENDERED FOR FILING

JAN 11 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT COURT

**TRAVIS S. BROWN,**
**LA DOC. # 413039**

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JAN 11 2018

WILLIAM W. BLEVINS
CLERK

**VS.**

**WARDEN JASON KENT**

**CIVIL ACTION**

**NO: 17-3190**

**SECTION 'G' (5)**

## OBJECTIONS TO REPORT AND RECOMMENDATION

**NOW INTO COURT**, comes Travis S. Brown, (petitioner herein) *pro-se*, who respectfully objects to the Report and Recommendation of the Magistrate, received by Petitioner on January 4, 2018. The Petitioner's written objections that specifically object to the Magistrate's R&R by reference to page, paragraph, and line number now timely follow.

## HISTORY OF THE CASE

The petition of Travis S. Brown # 413039 an inmate confined at the Dixon Correctional Institute, Jackson, Louisiana.

On October 25, 2010 petitioner was charged with one (1) count of *La. R.S. 14:108.2,* resisting an officer with force or violence. On October 5, 2011 (a year later) the ADA amended the bill of information and added one (1) count of *La. R.S. 14:110*, simple escape. On September 19, 2012 petitioner proceeded to trial where the jury found him guilty of the misdemeanor offense of *La. R.S. 14:108*, resisting an officer (a non-responsive verdict of La. R.S. *14:108.2*). The jury also found petitioner guilty of *La. R.S. 14:110*, simple escape.

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

On December 17, 2012 petitioner was sentenced to serve six (6) months as to count one and five (5) years as to count two. The State filed a multiple bill of information as a forth felony offender. Petitioner pled guilty and was sentenced to serve twenty (20) years at hard labor in the Louisiana Department of Corrections.

## CLAIM NO. (1): Insufficient Evidence to Support the Simple Escape Conviction.

An Objection is made as to the following:

> **(Pg. 14, paragraph 2, line 1-2)**
> **"Here, the state court articulated the proper controlling law and reasonably applied the governing legal principles to the evidence adduced at trial."**

In the instant claim, petitioner argues that the evidence adduced at trial was insufficient and that the controlling law was applied unreasonably to find him guilty of *La. R.S. 14:110,* simple escape and that his Fifth Amendment Due Process rights to a fair trial were violated.

The State filed a bill of information charging *La. R.S. 14:108.2,* resisting an officer by force or violence. Almost one year later, the State amended the bill of information adding the charge of *La. R.S. 14:110,* simple escape. The jury found petitioner guilty of *La. R.S. 14:108*, resisting an officer, and *La. R.S. 14:110*, simple escape.

A conviction based on insufficient evidence cannot stand as it violates Due Process. *See U.S. Const. Amend. XIV; La. Const. art. I, 2.* In order to obtain habeas relief on this ground, petitioner must show that, "upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The

evidence is viewed in the light most favorable to the prosecution, *id.* at 319, and the essential substantive elements of the criminal offense are established by the state's criminal law. *Id.* at 324 n.16; *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999). Consequently, under AEDPA, petitioner must establish that the state court's denial of habeas relief on this ground was an unreasonable application of *Jackson*.

The evidence that the jury chose to accept at trial was for the lesser offense of *La. R.S. 14:108* which reads as follows:

### 14:108. resisting an officer.

**A.** Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

**B. (1)** The phrase obstruction of as used herein shall, in addition to its common meaning, signification, and connotation mean the following:

**(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.**

**(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.**

**(2)** The word officer as used herein means any peace officer, as defined in *R.S. 40:2402*, and includes deputy sheriffs, municipal police officers, probation and parole officers, city marshals and deputies, and wildlife enforcement agents.

The trier of fact has the absolute right to accept or reject the evidence adduced at trial. However, when a jury is faced with two        offenses that are mutually exclusive offenses there is ample evidence that is pointing in the other direction as well as the first direction. See *State v. Royal Smith*, 686 So. 2d 137; 1996 La. App. Lexis 3159 Number 96 KA 0222 the crimes of simple escape and resisting arrest by flight, *La. Rev.*

*Stat. Ann. 14:108*, are mutually exclusive. Also see: *State v. Bullock*, 576 So.2d 453, 457 (La. 1991), the Louisiana Supreme Court held that the crimes of simple escape and resisting arrest by flight *(La. R.S. 14:108)* are mutually exclusive. The Court stated that, "Defendant argues, and we agree, that if he was fleeing to avoid arrest, he cannot be guilty of simple escape."

Under *Jackson v. Virginia,* 443 U.S. 307 (1979), a federal habeas court addressing an insufficiency-of-the-evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. The *Jackson* inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made rational decision to convict or acquit. *Santellan v. Cockrell,* 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Herrera v. Collins,* 506 U.S. 390, 402 (1993). Moreover, because the State Court's decision applying the already deferential *Jackson* standard must be assessed here under the strict and narrow standards of review mandated by the AEDPA, the standard to be applied by this Court is in fact "twice-deferential."

Petitioner was convicted of *La. R.S. 14:110*, simple escape. To obtain a conviction for simple escape, the State must prove "(1) an intentional departure (2) under the circumstances wherein human life is not endangered (3) by a person imprisoned, committed, or detained (4) from a designated area of a place where such person is legally confined, or from the **lawful custody** of any law enforcement officer of the Department of Safety and Corrections."

Petitioner contends that the jury was confused and that the controlling law was applied unreasonably because the jury was faced with two mutually exclusive offenses not being able to make a rational decision to either convict or acquit. On one hand, the jury found to reject the act of force or violence and accepted the flight by one sought to be arrested **before the arresting officer can restrain him,** then yet on the other hand; they were faced with, being detained by the officer in **"lawful custody"** which completely makes the rationality of their decision unreasonable. Simply put, one cannot be resisting arrest and under arrest, or under arrest and resist arrest at the same time.

The magistrate judge erred when adopting the testimony of Agent Messina. The Judge stated that, **"Agent Messina testified that when Brown saw her approaching him carrying her handcuffs, Brown pulled away from Polmann, attempted to strike Messina and pushed her to the ground and fled the scene." (Pg. 13, lines 11-13).** Because the jury rejected the resisting arrest with force or violence that Agent Messina testified to and they made a unanimous vote to adopt only the resisting arrest by flight this conflicts with the precedent that was set forth by the Louisiana Supreme Court in *State v Bullock* and *State v. Royal Smith.*

Finally, petitioner would like to point out to the Honorable Court that the simple escape statute has a subsection That defines lawful custody which reads as follows:

**D. For purposes of this Section, a person shall be deemed to be in the lawful custody of a law enforcement officer or of the Department of Public Safety and Corrections and legally confined when he is in a rehabilitation unit, a work release program, or any other program under the control of a law enforcement officer or the department.**

This subsection clearly defines lawful custody as being a person actually confined in a place of confinement, not a person fleeing from being confined. The state court

5

articulated an improper controlling law and unreasonably applied the governing legal principles to the evidence adduced at trial.

Therefore, the Objection to this finding by the Magistrate in the R&R should be sustained and the simple escape conviction should be vacated or in the alternative, a new trial ordered and the jury be allowed to find the petitioner guilty of either resisting arrest, *or* simple escape not both statutes that were deemed to be mutually exclusive offenses by the Louisiana Supreme Court.

**CLAIM NO. (2): Ineffective Assistance of Trial Counsel in violation of the United States Constitution Sixth Amendment.**

An Objection is made as to the following:

**(Pg. 18, paragraph 2, lines 1-2)**
**"The amended bill of information clearly notified Brown of the statutory provisions he was accused of violating and specified the date of the crimes".**

In the instant claim, the petitioner argues that the bill of information was defective and trial counsel was ineffective for not challenging the deficiency. The bill of information charged as follows:

**Count 1**
**R.S. 14:108.2 RESISTING ARREST WITH FORCE OR VIOLENCE**, by resisting the arrest of a police officer during the performance of his duties by an offender who uses threatening force, violence, resistance or opposition during arrest or injures or attempts to injure said officer during an arrest.

**Count 2**
**R.S. 14:110 (A) (1) SIMPLE ESCAPE**

Count 2 in the charging instrument *fails* to give petitioner any set of facts and does not follow the language of the statute itself, leaving the petitioner defenseless in his trial strategy and guessing as to what the elements of the offense thats being applied to the case. The record reflects that petitioner's trial counsel was prepared to go to trial

assuming that the prosecutor added the simple escape charge to the bill of information because petitioner was on parole and ran from his parole officer.

Petitioner also objects to the magistrate judge's finding that; **"The amended bill of information fairly informed Brown of the precise charges against him so that no prejudice resulted from either surprise or lack of notice, and protected him against further prosecution for the same crime". (Pg. 18, paragraph 2, lines 2-5)**

The record reflects that petitioner was surprised by the lack of notice, looking at the Motion to Quash that was filed into the record will show the ineffectiveness that was rendered by trial counsel for not objecting to the defective bill of information. (*See Exhibit A Motion to Quash pg. 142-149*). On September 19, 2012 (on the day of trial) a hearing was held on the Motion to Quash where defense counsel was previously advised by the ADA that the amended charge of simple escape was added to the bill of information because petitioner was on parole at the time he ran from his parole officer.

The State changed their theory of the case at the Motion to Quash hearing (on the day of trial), stating that the petitioner was in lawful custody of the arresting officer, no longer were they claiming that the petitioner was on parole when he ran from his parole officer.

Petitioner objects to the magistrate judge's finding that; **Further, any challenge to the bill of information by Brown's attorney would have resulted, at most, in an amendment to the charging document to cure any deficiency, thereby achieving, if anything, a mere delay in the trial and resulting in no prejudice in fact to the petitioner". (Pg. 19, paragraph 1, lines 1-4)**

The failure of trial counsel to seek a continuance cannot be considered sound trial strategy. This failure by trial counsel prejudiced the petitioner in that this, "mere delay in the trial", would have provided petitioner ample time to prepare a trial strategy and adequately prepare a defense to challenge the States "new" theory defining "custody."

Trial counsel was not acting as counsel guaranteed by the Sixth Amendment of the United States Constitution when he continued to trial unprepared. Counsel's unreasonable failure to seek continuance and prepare a trial strategy rendered the trial unfair and there is a good probability that the outcome would have been different had it not been for counsel's ineffective representation.

The indictment is invalid in that the state did not include any element of what the defendant was charged with. ***Hamling v. United States,*** 418 U.S. 87, 117-118, 94 S.Ct. 2887, 41 L. Ed. 2d 590 (1974)**.** Prior cases indicate that an indictment is sufficient if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. ***Hagner v. United States,*** 285 U.S. 427, 52 S. Ct. 417, 76 L. Ed. 861 (1932). It is generally sufficient that the indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty, set forth all elements necessary to constitute the offense intended to be punished.

***La. R.S. 14:110***

*The elements of the statute applicable to the instant case are:*

*(1) an intentional departure;*

*(2) under circumstances wherein human life is not endangered;*

8

*(3) by a person imprisoned; ;*

*(4) from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.*

An indictment must be specific.

### *La. C.Cr.P. 464* - Nature and contents of indictment:

The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

In the motion to quash (*See Exhibit A pg.149 @ line 17-22*) it is clear that the appellant's counsel was under the impression that the state added the charge of simple escape to the bill of information because their theory was that, appellant was on parole at the time he ran from parole officers, so that's why the state hand wrote the simple escape charge on the bill of information.   The appellant's counsel admitted on the record, **"When he fled, being on parole, that's why they put the escape charge there"**.  Even the Court was somewhat quizzical about the elements of this offense. (*See Exhibit A, pg. 148 @ lines 1-5*) **"Mr. Guccia, is it your position that Mr. Brown was actually detained by the law enforcement officer or by the Department of Corrections officer?"**  Important to note, if the bill of information had included **any** element of the charged crime, or any set of facts, the Court need not have to ask that question and the prosecutor need not have to provide the meaning of the indictment.

An indictment must be specific in its charges and necessary allegations cannot be left to inference. ***Williams v. United States,*** 265 F.2d. 214,218 (U.S. 9th Cir. Ct. App.

1959) Moreover, "an indictment must do more than simply repeat the language of the criminal statute". ***Russell v. United States,*** 369 U.S. 749, 761, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962). At the same time, an indictment should be read in its' entirety, construed according to common sense and interpreted to include facts which are necessarily implied. ***United States v. Hess,*** 124 U.S. 483, 487, 8 S. Ct. 571, 573, 31 L. Ed. 516 (1888). The prosecutor cannot save an indictment by providing its' meaning. The indictment must speak for itself.

In order that a valid trial be held, it is essential that the charge be brought by a valid indictment. A defendant needs to have the elements of what crime he is charged with in order to prepare a proper defense.

On the Petitioners indictment the A.D.A. hand wrote *"R.S. 14:110 (A)(1)"* which did not give any elements of the statute, or any set of facts, nor were any particulars provided. In the motion to quash (*See Exhibit A, pg. 148 @ Lines 25-30*) the trial court admits **"in considering a motion to quash, the Court must accept as true the facts contained in the bill of information and in the bill of particulars, which there is none in this case."** The record will reflect that a Motion for a Bill of Particulars was requested by petitioner through his trial counsel but were never produced.

The State changed their theory of the case at the Motion to Quash hearing, (On the day of trial) from being on parole to being detained by the officer giving surprise notice of the charges against petitioner rendering prejudice. The Prosecutor cannot save an indictment by providing its' meaning on the day of trial. The indictment must speak for itself. See: ***State v. Thomas,*** 111 So.3d 386 (2012). The State appealed the District Courts ruling on the motion to quash asserting the bill of information was not deficient.

The First Circuit affirmed the Trial Courts ruling. The Trial Court granted defendants motion to quash on legal grounds, independently of the arguments set forth in his memorandum, stating: {111 So. 3d 390} "Secondly, I read the bill of information, okay, and if you read it, it says these three guys committed the offense of, and then it cites the statute. It cites no facts whatsoever, which it should cite, okay. And, therefore, the bill of information does not cite facts sufficient enough to charge the crime."

The First Circuit Court of Appeal: "In reviewing the bill of information filed against the defendant, we find that it is defective in at least two respects. First, the bill of information fails to allege that the structure allegedly entered by the defendant was completely enclosed by any type of physical barrier. However, this omission appears to be the result of a simple miswriting of the statutory elements and it does not rise to the level of a defect sufficient to render the bill of information invalid or insufficient."

The case herein, the bill of information fails to allege any element of the statute. This rises to the level of a defect sufficient to render the bill of information invalid or insufficient. Nor does it allege any facts.

The First Circuit in *Thomas, Supra* also ruled, "Secondly, and more importantly, the bill of information fails to allege with any degree of specificity the place where the alleged offense occurred. Instead, the bill of information simply cites the boilerplate language of *R.S. 14:61* and fails to clarify what type of critical infrastructure defendant allegedly entered without authorization."

It is also essential to include the place of an escape in an indictment. In the appellant's case herein without including any element of the crime, the defendant had no

way of knowing where he actually escaped from, how he escaped, or from whom he escaped from.

When a person is charged with *R.S. 14:110*, Simple Escape, it is essential to include:

(1) Whom did defendant escape from?
(2) When did defendant escape?
(3) How did the defendant escape?

An indictment is invalid if it omits or lacks the elements or particulars of the defendant's actions. A defendant cannot prepare a reasonable defense if he is not aware or misinformed of the criminal conduct which he is accused, thus denying him a fair trial guaranteed by the Sixth Amendment of the U.S. Constitution in which petitioner was denied.

Finally, after the State changed their theory of the case from being on parole to being in lawful custody, invalidating the bill of information, they further invalidated the bill of information by adding the simple escape statute unreasonably. La. R.S. 14:110 reads as follows:

**A.** Simple escape shall mean any of the following:
    **(1)** The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a **place** where such person is legally confined, from a designated area of a **place** where such person is legally confined, **or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.**
    **D.** <u>**For purposes of this Section, a person shall be deemed to be in the lawful custody of a law enforcement officer or of the Department of Public Safety and Corrections and legally confined when he is in a rehabilitation unit, a work release program, or any other program under the control of a law enforcement officer or the department.**</u>
    **E.** The provisions of this Section shall be applicable to all penal, correctional, rehabilitational, and work release centers and any and all prison facilities under the control of the sheriffs of the respective parishes of the state of Louisiana. The prison facilities shall include but are not limited to parish jails, correctional centers, home incarceration, work release centers, and

rehabilitation centers, hospitals, clinics, and any and all facilities where inmates are confined under the jurisdiction and control of the sheriffs of the respective parishes.

The Legislature defines lawful custody in subsection "D" and in subsection "E" they further elaborate what places are to be applied to the statute. The simple escape statute was to be applied to a person who is in a place of confinement, or a designated area of a place of confinement, not a person who resists an arrest prior to being confined to a place.

## CONCLUSION

**WHEREFORE,** Petitioner prays that the Objections be sustained and the case remanded for further proceedings deemed appropriate by this Court. In the event that the Objections are overruled, the Petitioner prays the court to issue a certificate of appealability as to each issue discussed in the application as he has made a substantial showing of the denial of constitutional rights and demonstrated that reasonable jurists could debate whether the issues presented are adequate to proceed further.

Dated this **8th day of January   2018**, in Jackson, Louisiana.

Respectfully Submitted,

Travis Brown # 413039
P.O. Box 788 U-2 D-12
Jackson, La 70748-0788

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing objection upon opposing counsel, by mailing a copy of the same to the Orleans Parish District Attorney through the U.S Mail, postage prepaid, at the courthouse office, on the **8th day of January   2017**.

Travis S. Brown

13