```
 1            22ND JUDICIAL DISTRICT COURT
 2            FOR THE PARISH OF ST. TAMMANY
 3                   STATE OF LOUISIANA
 4
 5
 6   STATE OF LOUISIANA          NO. 496700
 7      VERSUS
 8   TRAVIS BROWN                DIVISION "C"
 9
10            Transcript of the Motion to Quash
11       held on the 19th day of September,
12       2013, in the above-entitled matter,
13       before the HONORABLE RICHARD SWARTZ,
14       Judge presiding.
15                                        FILED
16
17                                      APR 16 2013
18   APPEARANCES:                 MALISE PRIETO - CLERK
                                  Deputy S/BARRY T. BACON, SR.
19
20       SCOTT GARDNER, ESQ.,
21           Assistant District Attorney,
22           Parish of St. Tammany
23       JASON CUCCIA ESQ.,
24           Assistant District Attorney,
25           Parish of St. Tammany
26       ROGER JORDAN, ESQ.,
27           Attorney for Travis Brown
28
29                                        COPY
30
31
32   REPORTED BY:  SANDRA T. MINUTILLO, CCR
```

142

1  THE COURT:
2      Let's go on the record. This is
3  State of Louisiana versus Travis
4  Brown, Docket Number 496700.
5  Counsel, make your appearances for
6  the record.
7  MR. JORDAN:
8      Good morning, your Honor. Roger
9  Jordan for Travis Brown, who is
10 present in court.
11 MR. CUCCIA:
12     Your Honor, Jason Cuccia and
13 Scott Gardner on behalf of the State
14 of Louisiana.
15 THE COURT:
16     The district attorney has just
17 made a motion concerning the
18 amendment of the bill. Do you have
19 any objection, Mr. Jordan?
20 MR. JORDAN:
21     I would object on the date of
22 trial; however, I was advised of this
23 yesterday by Mr. Gardner.
24 THE COURT:
25     I don't see any prejudice in
26 that case, so the Court is going to
27 allow the amendment. Are we ready to
28 proceed with trial?
29 MR. CUCCIA:
30     Yes, your Honor.
31 MR. JORDAN:
32     I have a motion to quash before

```
 1        the Court, your Honor. We are ready,
 2        your Honor. Mr. Williams is actually
 3        going to be assisting in trial and he
 4        is on the way.
 5      THE COURT:
 6           It's the Court's intent to take
 7        up the motion to quash at this point
 8        and then we'll take a recess.
 9      MR. JORDAN:
10           Yes, sir.
11      THE COURT:
12           Mr. Jordan, I have read your
13        memorandum in connection with your
14        motion to quash. Do you wish to make
15        any argument?
16      MR. JORDAN:
17           Yes, I would, your Honor. I
18        think the memorandum is fairly clear
19        in the facts in this case and I would
20        offer, file, and submit into evidence
21        the police report in this case.
22           I don't think there's an
23        argument of what the facts are; and
24        that is that the defendant was on
25        parole at the time that he fled from
26        the police officers.
27           The Statute 110, I went through
28        the legislative history because it
29        begins with confinement, detention,
30        imprisonment and then the statute
31        evolved when the legislature saw that
32        there were other avenues for
```

```
 1     incarceration which included when an
 2     individual was in a prison facility
 3     or when he was in a hospital facility
 4     pursuant to his incarceration or work
 5     release program.
 6          In this particular case, your
 7     Honor, there was no confinement.
 8     There was no detention; however,
 9     what's even more important than that,
10     Section "D" enumerates the situations
11     where an individual is confined,
12     talking about rehab facility and that
13     sort of thing, and Section "E"
14     directs the Court to the type of
15     facilities that are involved.
16          What's really interesting about
17     this statute, your Honor, and the
18     State's argument is they cite State
19     versus Bullock.  State versus Bullock
20     makes my point that the statute does
21     not apply to this particular case.
22          Bullock is a literal
23     interpretation of 14:110.  What
24     Bullock specifically states is
25     there's two situations.  Two
26     situations that encompasses 14:110
27     which expands for 14:110.  The first
28     in which there's actually a
29     commitment and, secondly -- that's
30     where the State is alleging the facts
31     of this particular case are
32     encompassed by 110.
```

| | |
|---|---|
| 1 | Secondly, the second category, |
| 2 | which is discussed by Bullock is |
| 3 | totally distinct from the first, |
| 4 | which involves commitment and |
| 5 | confinement.  That second category |
| 6 | involves the intentional departure of |
| 7 | a detained person from the lawful |
| 8 | custody of any law enforcement |
| 9 | officer, and it's specifically |
| 10 | apparent to the facts of Bullock in |
| 11 | which Bullock was arrested.  He was |
| 12 | injured.  He was handcuffed and put |
| 13 | into the back of a police car.  They |
| 14 | brought him to a hospital. |
| 15 | While he was incarcerated in the |
| 16 | hospital, while he was in custody in |
| 17 | the hospital, that's when he escaped |
| 18 | and that's so wholly different from |
| 19 | an individual in this particular case |
| 20 | who is on parole and, when the |
| 21 | officers go to actually apprehend |
| 22 | him, he flees. |
| 23 | The only factual question in my |
| 24 | mind in this case is whether or not |
| 25 | the defendant used threatening force |
| 26 | or violence when he fled the scene or |
| 27 | resisted arrest or whether or not it |
| 28 | was simply resisting arrest. |
| 29 | That's the factual distinction. |
| 30 | That's what we have.  That's the rug |
| 31 | between us right now. |
| 32 | As far as the facts are |

```
 1        concerned, Mr. Brown was not
 2        incarcerated, not under any most
 3        literal interpretation of 14:110, and
 4        Bullock proves that point in which
 5        Bullock talks about two distinct
 6        categories actually wholly different
 7        than this particular case, your
 8        Honor.
 9             I would ask this Court to grant
10        the motion to quash as to the amended
11        charge which occurred sometime ago
12        after the initial arrest in which the
13        State amended the charge to add a
14        simple escape. It just doesn't meet
15        the requirements and the facts.
16     MR. CUCCIA:
17             Your Honor, simply put, Bullock
18        established by the Louisiana Supreme
19        Court -- excuse me. 14:110 is
20        written in the disjunctive that there
21        are several categories; one being
22        confined or imprisoned, but there's a
23        separate category of people who are
24        simply detained and have
25        intentionally departed from the
26        lawful custody of a police officer or
27        an officer of the public safety and
28        corrections.
29             With that, your Honor, we would
30        submit on the law as well as the case
31        law.
32     THE COURT:
```

*Motion to quash (transcripts)*

| | |
|---|---|
| 1 | Mr. Cuccia, is it your position |
| 2 | that Mr. Brown was actually detained |
| 3 | by the law enforcement officer or by |
| 4 | the Department of Corrections |
| 5 | Officer? |
| 6 | MR. CUCCIA: |
| 7 | Yes, your Honor. |
| 8 | THE COURT: |
| 9 | Do you have a dispute as to that |
| 10 | Mr. Jordan; whether or not he was |
| 11 | detained by that particular officer? |
| 12 | MR. JORDAN: |
| 13 | Yes, sir, and I submitted the |
| 14 | police report in this particular case |
| 15 | and I'll submit that on the record |
| 16 | right now for the Court. |
| 17 | I don't know if I need actual |
| 18 | testimony from the police officer in |
| 19 | this matter. |
| 20 | THE COURT: |
| 21 | It's a question of fact. |
| 22 | Actually, I guess you could submit |
| 23 | the police report. |
| 24 | I have done some research myself |
| 25 | in connection with this matter. <u>In</u> |
| 26 | <u>considering a motion to quash, the</u> |
| 27 | <u>Court must accept as true the facts</u> |
| 28 | <u>contained in the bill of information</u> |
| 29 | <u>and in the bill of particulars</u>, which |
| 30 | there is none in this case, and |
| 31 | determine as a matter of law from the |
| 32 | face of the pleading whether a crime |

```
 1     has been charged.  While evidence may
 2     be adduced such may not include a
 3     defense on the merits.  The question
 4     of factual guilt of the charged is
 5     not raised by a motion to quash.
 6         I think that's what we have
 7     here, Mr. Jordan.  We have a factual
 8     defense to this case in that you're
 9     alleging Mr. Brown was not detained
10     by the officer.  The bill of
11     information clearly states the crime
12     that was committed.  The Court
13     doesn't go past that to make a
14     determination as to whether or not
15     you have a defense to that crime.
16  MR. JORDAN:
17         I agree with the Court, your
18     Honor.  The last I spoke to the
19     prosecutors I believe their theory of
20     the case he was on parole and when he
21     fled, being on parole, that's why
22     they put the escape charge there.
23         Obviously, now we have a factual
24     dispute whether or not he was
25     actually detained by the officers
26     such that's encompassed by 14:110 or
27     not.
28  THE COURT:
29         The motion to quash is denied.
30
31
32
```

Travis S. Brown #413039
P.O. Box 788 U-2 D-12
Jackson, La 70748

U.S. Eastern District Court
500 Poydras St. C-151
New Orleans, La 70130

US POSTAGE >>> PITNEY BOWES
ZIP 70748 $ 001.82⁰
02 4W
0000338213 JAN 09 2018