**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TRAVIS S. BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3190** |
| **JASON KENT, WARDEN** | **SECTION "G"(5)** |

## ORDER AND REASONS

Before the Court are Petitioner Travis S. Brown's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Dixon Correctional Institute in Jackson, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 3.

[3] Rec. Doc. 13.

[4] Rec. Doc. 16.

# I. Background

*A.*      *Factual Background*

On October 25, 2010, Petitioner was charged by Bill of Information in the 22nd Judicial District Court for the Parish of St. Tammany with one count of resisting arrest with force or violence.[5] On October 5, 2011, Petitioner was charged by an Amended Bill of Information with an additional charge of simple escape.[6] On September 19, 2012, the morning of trial, the charges were amended again to reflect the correct alleged date of the offense.[7] On September 19, 2012, following a jury trial, Petitioner was found guilty of resisting arrest and simple escape.[8] On December 17, 2012, the trial court sentenced Petitioner to six months imprisonment as to the resisting arrest charge and five years imprisonment as to the simple escape charge.[9]

The State then filed a Multiple-Offender Bill of Information against Petitioner.[10] On February 4, 2013, Petitioner entered a guilty plea to the multiple-offender bill, and the state trial court vacated the original sentence as to simple escape conviction and resentenced Petitioner to 20 years at hard labor without the benefit of probation or suspension of sentence.[11]

---

[5] State Rec., Vol. III of X, Bill of Information, Oct. 25, 2010.

[6] State Rec., Vol. I of X, Amended Bill of Information, Oct. 5, 2011; Minutes, Oct. 5, 2011.

[7] State Rec., Vol. I of X, Amended Bill of Information, Oct. 25, 2010.

[8] State Rec., Vol. I of X, Minute Entry, Sept. 19, 2012.

[9] State Rec., Vol. I of X, Minute Entry, Dec. 17, 2012.

[10] State Rec., Vol. I of X, Multiple Offender Bill of Information, Sept. 20, 2012.

[11] State Rec., Vol. III of X, Bill of Information, Oct. 25, 2010.

On December 27, 2013, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[12] On June 20, 2014, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[13]

On April 15, 2015, Petitioner filed an application for post-conviction relief with the state trial court.[14] The trial court denied the application on July 8, 2015.[15] The Louisiana First Circuit denied Petitioner's related writ application on November 4, 2015,[16] and the Louisiana Supreme Court also denied relief on March 3, 2017.[17]

On April 6, 2017, Petitioner filed the instant federal habeas petition.[18] In the petition, Petitioner claims there was insufficient evidence to support the simple escape conviction.[19] He also claims he was denied effective assistance of trial counsel because his trial counsel failed to: (1) object to the trial court's denial of the motion to quash; (2) object to the amendment to the Bill of Information made on the day of trial; (3) file a motion to quash or a motion to arrest the judgment based on double jeopardy; (4) investigate and subpoena dispatch records; and (5) make contemporaneous objections during cross-examination and closing arguments by the prosecution.[20] He also claims ineffective assistance of appellate counsel for failing raise the denial

---

[12] *State v. Brown*, 2013-KA-814 (La. App. 1 Cir. 12/27/13); 2013 WL 6858309.

[13] *State v. Brown*, 2014-K-194 (La. 6/20/14); 141 So. 3d 808.

[14] State Rec., Vol. VII of X, Application for Post-Conviction Relief, Apr. 15, 2015.

[15] State Rec., Vol. VII of X, Order Denying Application for Post-Conviction Relief, Jul. 8, 2015.

[16] *State v. Brown*, 15-KW-1229 (La. App. 1 Cir. 11/4/15); State Rec. Vol. VIII of X.

[17] *State ex rel Brown v. State*, 15-KH-2155 (La. 3/31/17); 214 So. 3d 845.

[18] Rec. Doc. 3.

[19] *Id.*

[20] *Id.*

of the motion to quash on appeal.[21] On July 11, 2017, the State filed a response, arguing that the petition should be dismissed on the merits.[22]

## B.      *Report and Recommendation Findings*

The Magistrate Judge recommended that this Court dismiss the petition with prejudice.[23] First, the Magistrate Judge addressed Petitioner's claim that the evidence was insufficient to support the simple escape conviction because Petitioner alleged he was not in lawful custody when he fled from the agents.[24] The Magistrate Judge found that the record contained sufficient evidence for the jury to have concluded that Petitioner was in lawful custody of law enforcement.[25] Therefore, the Magistrate Judge concluded that the state court's decision rejecting the sufficiency of the evidence claim was not contrary to, or an unreasonable application of, clearly established federal law.[26]

Second, the Magistrate Judge addressed Petitioner's ineffective assistance of trial counsel claims.[27] The Magistrate Judge rejected Petitioner's claim that trial counsel was ineffective for failing to object to the Amended Bill of Information because Petitioner alleged it did not provide him with notice of the charges.[28] The Magistrate Judge found that the Amended Bill of Information fairly informed Petitioner of the charges against him, and counsel was not ineffective for failing

---

[21] *Id.*

[22] Rec. Doc. 12.

[23] Rec. Doc. 10.

[24] *Id.* at 8–14.

[25] *Id.* at 12.

[26] *Id*. at 14.

[27] *Id.* at 17–27.

[28] *Id.* at 17–18.

to object to it.[29] The Magistrate Judge also rejected Petitioner's argument that his trial counsel was ineffective in failing to object to the trial court's ruling on a motion to quash, because under Louisiana law a contemporaneous objection was not required to preserve the issue for appellate review.[30] The Magistrate Judge found that Petitioner was not entitled to relief on his claim that trial counsel was ineffective for failing to file a motion to quash or a motion to arrest the judgment based on double jeopardy.[31] The Magistrate Judge determined that Petitioner's double jeopardy argument was meritless because the offenses of simple escape and resisting an officer require proof of different elements, and so trial counsel was not ineffective in failing to raise this issue.[32] To the extent Petitioner argued that trial counsel was ineffective for failing to object to the amendment to the Bill of Information made on the day of trial, the Magistrate Judge found that this claim was false, because the record reflected that counsel did object to the amendment and the trial court overruled the objection.[33]

Furthermore, the Magistrate Judge found that Petitioner was not entitled to relief on his claim that trial counsel was ineffective for failing to investigate and subpoena dispatch records, because the record reflected that trial counsel did subpoena the records and was familiar with them.[34] Finally, the Magistrate Judge determined that Petitioner was not entitled to relief on his claim that trial counsel was ineffective for failing to make contemporaneous objections during

---

[29] *Id.* at 18–19.

[30] *Id.* at 19 (citing La. Code Crim. P. art. 841(B)).

[31] *Id.* at 19–21.

[32] *Id.* at 20.

[33] *Id.* at 21.

[34] *Id.* at 22–23.

cross-examination and closing arguments by the prosecution.[35] Therefore, viewing trial counsel's behavior in light of the facts and circumstances of this case, the Magistrate Judge found that Petitioner failed to overcome the strong presumption that counsel's behavior fell within the wide range of reasonable representation, and failed to establish any prejudice as a result of counsel's performance.[36]

Finally, the Magistrate Judge addressed Petitioner's argument that his appellate counsel was ineffective for failing to raise the trial court's denial of the motion to quash on appeal.[37] The Magistrate Judge noted that appellate counsel raised a related claim regarding sufficiency of the evidence to support the conviction for simple escape, and fact-intensive inquiries regarding the sufficiency of the evidence are not properly raised in a motion to quash.[38] Therefore, the Magistrate Judge determined that appellate counsel was not ineffective for failing to raise this claim.[39] Accordingly, the Magistrate Judge concluded that the state court's decision rejecting the ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, clearly established federal law.[40]

---

[35] *Id.* at 23–27.

[36] *Id.* at 27.

[37] *Id.* at 27–30.

[38] *Id.* at 28–29.

[39] *Id.* at 29.

[40] *Id.* at 14.

### A.     *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[41] First, Petitioner contends that the evidence was insufficient to support his conviction for simple escape.[42] According to Petitioner, the crimes of simple escape and resisting arrest by flight are mutually exclusive.[43] Petitioner contends that he was convicted of resisting arrest by flight not resisting arrest by force or violence.[44] Therefore, Petitioner argues that the Magistrate Judge erred in relying on the testimony of Agent Messina that Petitioner resisted arrest by attempting to strike her, pushing her to the ground, and fleeing the scene.[45] Petitioner also contends that he could not be found guilty of simple escape under Louisiana Revised Statute § 14:110(D), because at the time of the offense he was not confined to a rehabilitation unit, a work release program, or any other program under the control of a law enforcement officer or the Department of Public Safety and Corrections.[46] For these reasons, Petitioner contends that the simple escape conviction must be vacated or a new trial must be ordered to allow a jury to determine whether Petitioner is guilty of resisting arrest or simple escape.[47]

---

[41] Rec. Doc. 11.

[42] *Id.* at 2.

[43] *Id.* at 3–4 (citing *State v. Bullock*, 576 So. 2d 453, 457 (La. 1991)).

[44] *Id.* at 5.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 6.

Second, Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on the ineffective assistance of trial counsel claims.[48] Petitioner again argues that his trial counsel should have challenged the Amended Bill of Information because it did not include the statutory language for simple escape.[49] Petitioner contends that the State changed its theory of the case during the hearing on the motion to quash, arguing that Petitioner was in lawful custody of the arresting officer instead of the State's prior argument that Petitioner was in the lawful custody of his parole officer.[50] Petitioner asserts that his trial counsel's failure to move to quash the Amended Bill of Information prejudiced the defense's ability to prepare a trial strategy as it related to the State's new theory.[51] Petitioner contends that the Amended Bill of Information was deficient because it did not include who Petitioner allegedly escaped from, when Petitioner allegedly escaped, or how Petitioner allegedly escaped.[52]

**B.**    ***State's Opposition***

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

**A.**    ***Review of the Magistrate Judge's Report and Recommendation***

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the

---

[48] *Id.*

[49] *Id.*

[50] *Id.* at 7.

[51] *Id.* at 8.

[52] *Id.* at 12.

recommended disposition" of a Magistrate Judge on a dispositive matter.[53] The District Judge must

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected

to."[54] The District Court's review is limited to plain error for parts of the report which are not

properly objected to.[55]

**B.     *Standard of Review Under the AEDPA***

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

was revised "to ensure that state-court convictions are given effect to the extent possible under

law."[56] For questions of fact, federal courts must defer to a state court's findings unless they are

"based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."[57] A state court's determinations on mixed questions of law and fact or pure

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States."[58]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court
applies a rule that contradicts the governing law set forth in the Supreme Court's
cases. A state-court decision will also be contrary to clearly established precedent
if the state court confronts a set of facts that are materially indistinguishable from
a decision of the Supreme Court and nevertheless arrives at a result different from

---

[53] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[54] Fed. R. Civ. P. 72(b)(3).

[55] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[56] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[57] 28 U.S.C. § 2254(d)(2).

[58] 28 U.S.C. § 2254(d)(1).

Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[59]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[60] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[61]

## IV. Law and Analysis

### A. Sufficiency of the Evidence Claim

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[62] According to Petitioner, the crimes of simple escape and resisting arrest by flight are mutually exclusive.[63] Petitioner contends that he was convicted of resisting arrest by flight not resisting arrest by force or violence.[64] Therefore, Petitioner argues that the Magistrate Judge erred in relying on the testimony of Agent Messina that Petitioner resisted arrest by attempting to strike her, pushing her to the ground, and fleeing the scene.[65] Petitioner also contends that he could not be found guilty of simple escape under Louisiana Revised Statute § 14:110(D), because at the time of the offense he was not confined to a

---

[59] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[60] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[61] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[62] Rec. Doc. 16 at 2–6.

[63] *Id.* at 3–4 (citing *State v. Bullock*, 576 So. 2d 453, 457 (La. 1991)).

[64] *Id.* at 5.

[65] *Id.*

rehabilitation unit, a work release program, or any other program under the control of a law enforcement officer or the Department of Public Safety and Corrections.[66] For these reasons, Petitioner contends that the simple escape conviction must be vacated or a new trial must be ordered to allow a jury to determine whether Petitioner is guilty of resisting arrest or simple escape.[67] Because Petitioner objects to this portion of the Report and Recommendation, the Court reviews this issue *de novo*.[68]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[69] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[70]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[71] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[72]

---

[66] *Id.*

[67] *Id.* at 6.

[68] Fed. R. Civ. P. 72(b)(3).

[69] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[70] *Id.* at 319 (emphasis in original) (quotation marks and citations omitted).

[71] *Id.*

[72] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

Petitioner challenges the sufficiency of the evidence to support his conviction for simple escape. Louisiana Revised Statute § 14:110(A)(1) defines simple escape as:

> The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.[73]

To obtain a conviction for simple escape, the State must prove: "(1) an intentional departure (2) under circumstances wherein human life is not endangered (3) by a person detained (4) from the lawful custody of any law enforcement officer."[74]

Petitioner contends that he could not be found guilty of simple escape under Louisiana Revised Statute § 14:110(D), because at the time of the offense he was not confined to a rehabilitation unit, a work release program, or any other program under the control of a law enforcement officer or the Department of Public Safety and Corrections. Louisiana Revised Statute article 14:110(D) provides that "a person shall be deemed to be in the lawful custody of a law enforcement officer or of the Department of Public Safety and Corrections and legally confined when he is in a rehabilitation unit, a work release program, or any other program under the control of a law enforcement officer or the department." However, Petitioner misconstrues the statute. Subsection D applies only to persons who were physically confined at the time of the escape, not persons who are lawfully detained at the time of the escape.[75] "Lawful custody, within the meaning of simple escape, applies not only to persons who have been placed in a jail facility, but also to

---

[73] La. Rev. Stat. § 14:110(A)(1).

[74] *State v. Bullock*, 576 So. 2d 453, 455 (La. 1991).

[75] *Id.* at 456.

those persons who have been arrested but not yet confined."[76] Therefore, Petitioner's argument

that he was not in lawful custody because he was not confined at the time of the offense is

unavailing.

Petitioner also argues that the crimes of simple escape and resisting arrest by flight are

mutually exclusive.[77] In support of this argument, Petitioner cites the Louisiana Supreme Court's

decision in *State v. Bullock*.[78] There, the defendant, who was convicted of simple escape, argued

that his conduct fell under the resisting arrest statute rather than the simple assault statute.[79] The

Louisiana Supreme Court examined the text of the Louisiana Revised Statute § 14:108, the

resisting arrest statute, which provides:

> A. Resisting an officer is the intentional opposition or resistance to or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
>
>> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>>
>> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

The court found that the defendant's conduct did not fall under Subsection A because he was

restrained at the time of his flight, nor did it fall under Subsection B because his actions did not

---

[76] *State v. Jeanfreau*, No. 2011 KA 1237, 2012 WL 602384, at *4 (La. App. 1 Cir. 2/10/12) (citing *Bullock*, 576 So. 2d at 455–56).

[77] As an initial matter, it does not appear that Petitioner raised this issue before the state courts. However, even assuming that Petitioner properly exhausted his state court remedies with respect to this claim, it is without merit.

[78] Rec. Doc. 16 at 3–4 (citing *State v. Bullock*, 576 So. 2d 453, 457 (La. 1991)).

[79] *Bullock*, 576 So. 2d at 456–57.

involve resistance or opposition.[80] Therefore, because the evidence clearly indicated that the defendant was restrained and under arrest at the time he fled and his actions did not involve resistance or opposition, the Louisiana Supreme Court reasoned "the jury could not have reasonably inferred he was guilty of resisting arrest instead of simple escape."[81]

In this case, the jury heard testimony that law enforcement had a warrant to arrest Petitioner on a parole violation.[82] Agents Messina, Norton, Cotton, and Brandon waited at Petitioner's wife's place of employment for Petitioner to drop of his wife.[83] Agent Messina testified that Petitioner saw Messina and drove away without dropping off his wife.[84] All three law enforcement units, with the vehicles' red and blue vehicle lights activated, followed Petitioner's vehicle.[85] When Petitioner stopped, the agents boxed in his vehicle to prevent him from leaving.[86] Agent Messina testified that Agent Pohlmann and Agent Cotton, who had his gun drawn, advised Petitioner, "show me your hands, show me your hands, get out of the car and show me your hands."[87] Agent Messina explained that Agent Pohlmann took custody of Petitioner by placing him in an "arm bar" and walked him back to Pohlmann's vehicle.[88] Agent Messina testified that when Petitioner saw

---

[80] *Id.* at 457.

[81] *Id.*

[82] State Rec., Vol. II of X, Trial Transcript at 169, 190, 203, 208, 215 (Sept. 9, 2012).

[83] *Id.* at 170, 208.

[84] *Id.* at 171.

[85] *Id.* at 172, 208.

[86] *Id.* at 172, 181, 208.

[87] *Id.* at 172–73, 183, 190.

[88] *Id.* at 173, 182, 184–85.

her approaching him carrying her handcuffs, Petitioner pulled away from Polmann, attempted to strike Messina and pushed her to the ground and fled the scene.[89]

The jury also heard testimony from Agent Pohlmann, who testified that when Petitioner drove past the area, Agent Messina radioed that she believed Petitioner had spotted her and that they should initiate a traffic stop.[90] Agent Polhmann testified that, once Petitioner had stopped his vehicle, he approached Petitioner's vehicle with his gun drawn and that he and Agent Cotton were screaming, "police, show me your hands, police, show me your hands."[91] Pohlmann explained that he placed Petitioner in a "compliant escort position" and walked him to the back of Pohlmann's vehicle. Agent Pohlmann recalled that, as soon as Petitioner saw Agent Messina, a struggle ensued and Petitioner ultimately fled the scene.[92]

The evidence presented at trial was sufficient to establish Petitioner's conviction for simple escape as the prosecution established "(1) an intentional departure (2) under circumstances wherein human life is not endangered (3) by a person detained (4) from the lawful custody of any law enforcement officer."[93] Petitioner's argument that he could not have also been convicted of resisting arrest is equally unavailing because the evidence established "violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail."[94] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational.

---

[89] *Id.* at 174–79, 183, 190.

[90] *Id.* at 208.

[91] *Id.* at 209.

[92] *Id.* at 210, 219–20.

[93] *Bullock*, 576 So. 2d at 455.

[94] La. Rev. Stat. § 14:108(B)(1)(b).

Accordingly, on *de novo* review, the Court concludes that the state court's denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

**B.      *Ineffective Assistance of Counsel Claim***

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[95] Specifically, Petitioner argues that his trial counsel should have filed a motion to quash the Amended Bill of Information because it did not include the statutory language for simple escape.[96] Therefore, the Court reviews this issue *de novo*.[97]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[98] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[99] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[100] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[101] Courts addressing this prong of the test for ineffective counsel must consider the

---

[95] Rec. Doc. 16 at 6–13.

[96] *Id.* at 6.

[97] Fed. R. Civ. P. 72(b)(3).

[98] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[99] *Id.* at 697.

[100] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[101] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

reasonableness of counsel's actions in light of all the circumstances.[102] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[103] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[104]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[105] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[106] Thus, this standard is considered "doubly deferential" on habeas corpus review.[107]

## 1.     Trial Counsel

In the objections to the Report and Recommendation, Petitioner argues that his trial counsel should have filed a motion to quash the Amended Bill of Information because it did not include the statutory language for simple escape.[108] Petitioner contends that the State changed its theory of the case during the hearing on the motion to quash, arguing that Petitioner was in lawful custody of the arresting officer instead of the State's prior argument that Petitioner was in the lawful

---

[102] *See Strickland*, 466 U.S. at 689.

[103] *Id.* at 694.

[104] *Id.*

[105] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[106] *Id.*

[107] *Id.*

[108] Rec. Doc. 16 at 6.

custody of his parole officer.[109] Petitioner asserts that his trial counsel's failure to move to quash the Amended Bill of Information based on the failure to include the statutory language for simple escape prejudiced the defense's ability to prepare a trial strategy as it related to the State's new theory.[110] Petitioner contends that the Amended Bill of Information was deficient because it did not include who Petitioner allegedly escaped from, when Petitioner allegedly escaped, or how Petitioner allegedly escaped.[111]

On October 25, 2010, Petitioner was charged by Bill of Information in the 22nd Judicial District Court for the Parish of St. Tammany with one count of resisting arrest with force or violence.[112] On October 5, 2011, Petitioner was charged by an Amended Bill of Information with an additional charge of simple escape.[113] On September 19, 2012, the charges were amended again to reflect the correct alleged date of the offense.[114] The Bill of Information as amended on September 19, 2012, charged Petitioner as follows:

Date of Offense: September 14, 2010

Count 1
R.S.14:108.2 RESISTING ARREST WITH FORCE OR VIOLENCE, by resisting the arrest of a police officer during the performance of his duties by an offender who uses threatening force, violence, resistance or opposition during an arrest or injuries or attempts to injure said officer during an arrest.

Count 2
R.S.14:110(A)(1) Simple Escape.[115]

---

[109] *Id.* at 7.

[110] *Id.* at 8.

[111] *Id.* at 12.

[112] State Rec., Vol. III of X, Bill of Information, Oct. 25, 2010.

[113] State Rec., Vol. I of X, Amended Bill of Information, Oct. 5, 2011; Minutes, Oct. 5, 2011.

[114] State Rec., Vol. I of X, Amended Bill of Information, Sept. 19, 2012.

[115] *Id.*

Before trial, Petitioner's trial counsel filed a motion to quash the Amended Bill of Information, arguing that the simple escape charge should be dismissed because the charge did not fit the facts of the case.[116] Specifically, Petitioner's trial counsel argued that the prosecution's theory that Petitioner escaped his parole officer did not meet the definition of simple escape.[117] On the morning of trial, September 19, 2012, the trial court conducted a hearing on the motion to quash.[118] During the hearing, the prosecutor clarified the State's position that it believed Petitioner was detained by the law enforcement officer.[119] The trial court determined that this was a question of fact, which could not be resolved by the court in deciding a motion to quash.[120]

Petitioner argues that his trial counsel performed ineffectively by failing to also argue that the Amended Bill of Information was defective because it did not include the statutory language for simple escape. Louisiana Code of Criminal Procedure article 464 provides:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

Under Louisiana law, the test for determining whether a bill of information is fatally defective is "whether the bill is misleading to the defendant."[121] In *State v. Skinner*, the Louisiana

---

[116] State Rec., Vol. I of X, Motion to Quash, Aug. 27, 2012.

[117] *Id.*

[118] State Rec., Vol. I of X, Hearing Transcript, Sept. 19, 2012.

[119] *Id.* at 7.

[120] *Id.* at 8.

[121] *State v. Skinner*, 15-0510 (La. App. 4 Cir. 4/27/16), 191 So. 3d 676, 684 (citing La. Code Crim. Pro. art. 464).

Fourth Circuit Court of Appeal considered a defendant's argument that an amended bill of information was defective because it failed to cite the precise statute that was the basis of the offense.[122] The court noted that the defendant was originally charged with possession with the intent to distribute carisoprodol, and the charges were amended to add counts for possession with intent to distribute hydrocodone and codeine after the crime lab analyzed the pills.[123] Because the amended charges were based on the same facts and circumstances as the original charge, the court found that the defendant was apprised of the incident and failed to show any error or omission which misled him or prejudiced the defense.[124]

Petitioner argues that his counsel should have objected to the Amended Bill of Information because it did not contain the elements for simple escape. However, the Amended Bill of Information clearly informed Petitioner of the statutory provisions he was accused of violating and specified the date of the crime. Furthermore, the amended charge for simple escape was based on the same facts as the original charge for resisting arrest. Petitioner contends that the State's theory of the case changed on the day of trial, and a sustained objection to the Amended Bill of Information would have necessitated a continuance of the trial date. Petitioner asserts that a continuance would have given him time to prepare a defense as to the State's new theory regarding the simple escape charge. However, Petitioner has not shown that his trial counsel was not prepared to address the State's new theory. During the hearing on the motion to quash, Petitioner's trial counsel acknowledged that when he filed the motion to quash he believed the State's theory of the case was that Petitioner had escaped from his parole officer, but that under the new theory there

---

[122] *Id.*

[123] *Id.*

[124] *Id.*

was a "factual dispute [as to] whether or not [Petitioner] was actually detained by the officers."[125] Therefore, it appears from the record that Petitioner's counsel was prepared to address the State's new theory of the case during trial. Accordingly, Petitioner has not shown that his trial counsel performed deficiently by failing to raise this challenge to the Amended Bill of Information or that the failure to raise this issue prejudiced the defense.

The Magistrate Judge also found that Petitioner had not shown that he received ineffective assistance of counsel when his counsel failed to : (1) object to the trial court's denial of the motion to quash; (2) object to the amendment to the Bill of Information made on the day of trial; (3) file a motion to quash or a motion to arrest the judgment based on double jeopardy; (4) investigate and subpoena dispatch records; and (5) make contemporaneous objections during cross-examination and closing arguments by the prosecution.[126] Specifically, the Magistrate Judge rejected Petitioner's argument that his trial counsel was ineffective in failing to object to the trial court's ruling on a motion to quash, because under Louisiana law a contemporaneous objection was not required to preserve the issue for appellate review.[127] The Magistrate Judge found that Petitioner was not entitled to relief on his claim that trial counsel was ineffective for failing to file a motion to quash or a motion to arrest the judgment based on double jeopardy because the double jeopardy argument was meritless.[128] To the extent Petitioner argued that trial counsel was ineffective for failing to object to the amendment to the Bill of Information made on the day of trial, the

---

[125] State Rec., Vol. I of X, Hearing Transcript at *8, Sept. 19, 2012.

[126] Rec. Doc. 13 at 19–27.

[127] *Id.* at 19 (citing La. Code Crim. P. art. 841(B)).

[128] *Id.* at 19–21.

Magistrate Judge found that this claim was false, because the record reflected that counsel did object to the amendment and the trial court overruled the objection.[129]

Furthermore, the Magistrate Judge found that Petitioner was not entitled to relief on his claim that trial counsel was ineffective for failing to investigate and subpoena dispatch records, because the record reflected that trial counsel did subpoena the records and was familiar with them.[130] Finally, the Magistrate Judge determined that Petitioner was not entitled to relief on his claim that trial counsel was ineffective for failing to make contemporaneous objections during cross-examination and closing arguments by the prosecution.[131]

Petitioner does not object to these findings. Reviewing these issues for plain error,[132] and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner is not entitled to relief on these claims. Therefore, for the reasons set forth in this Order and the Report and Recommendation adopted by this Court, the Court concludes that the state courts' denial of relief on Petitioner's ineffective assistance of trial counsel claims was not contrary to or an unreasonable application of Supreme Court law.

### 2.     Appellate Counsel

Petitioner does not object to the Magistrate Judge's determination that Petitioner is not entitled to relief on his ineffective assistance of appellate counsel claim. Therefore, the Court reviews this recommendation for plain error.[133]

---

[129] *Id.* at 21.

[130] *Id.* at 22–23.

[131] *Id.* at 23–27.

[132] Fed. R. Civ. P. 72(b)(3).

[133] Fed. R. Civ. P. 72(b)(3).

To prevail on a claim that appellate counsel was ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation.[134] However, appellate counsel are not required to assert every non-frivolous issue to be found effective.[135] Rather, appellate counsel is entitled to legitimately select among non-frivolous claims based on his or her professional judgement as a means by which to increase the client's likelihood of success.[136] Furthermore, appellate counsel even has the discretion to exclude non-frivolous issues if they reasonably determine that the issue is unlikely to prevail.[137]

Petitioner argued that his appellate counsel was ineffective for failing to raise the trial court's denial of the motion to quash on appeal.[138] The Magistrate Judge noted that appellate counsel raised a related claim regarding sufficiency of the evidence to support the conviction for simple escape, and fact-intensive inquiries regarding the sufficiency of the evidence are not properly raised in a motion to quash.[139] Petitioner has not demonstrated that his appellate counsel's decision not to raise this issue on appeal was objectively unreasonable or that, but for the failure to raise the issue, the result of the proceeding would have been different. Therefore, the state courts' denial of relief on Petitioner's ineffective assistance of appellate counsel claim was not contrary to or an unreasonable application of Supreme Court law.

---

[134] *Briseno v. Cockrell*, 274 F.3d 204, 207 (2001); *Smith v. Robbins,* 528 U.S. 259, 285–86 (2000).

[135] *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

[136] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).

[137] *Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006).

[138] Rec. Doc. 3.

[139] Rec. Doc. 13 at 28–29.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Travis S. Brown's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 25th day of April, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**